John F. Kurtz, Jr., ISB No. 2396
Matthew Gordon, ISB NO. 8554
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5232
Email: jkurtz@hawleytroxell.com
        mgordon@hawleytroxell.com

Attorneys for Plaintiff R. WAYNE KLEIN, the
Court-Appointed Receiver of Trigon Group, Inc.
and for the assets of Daren L. Palmer

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of Trigon Group, Inc. and for the assets of Daren L. Palmer, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) ) | COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND FOR DAMAGES |
| vs. | ) ) | |
| AMERICAN EXPRESS COMPANY, a New York corporation; and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of Trigon

Group, Inc. ("Trigon") and all of the assets of Daren L. Palmer (the "Receivership Entities"

and/or "Palmer"), by and through his undersigned counsel, for his Complaint states and alleges

as follows:

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 1

## NATURE OF THE PROCEEDING

1.      On February 26, 2009, the Securities and Exchange Commission (the "SEC") filed a Complaint against Trigon and Palmer in United States District Court for the District of Idaho ("District Court"), Case No. Civ. No. 09-075-S-EJL ("SEC Action") and the Commodity Futures Trading Commission (the "CFTC") filed a Complaint against Trigon and Palmer in the District Court, Case No. Civ. No. 09-075-S-EJL ("CFTC Action").  These suits allege, among other things, that Trigon and Palmer operated an investment program in violation of the registration, licensing and anti-fraud requirements of federal securities and commodities laws.  In essence, the SEC and the CFTC allege that Trigon and Palmer engaged in a Ponzi scheme whereby millions of dollars were fraudulently taken from investors.

2.      On February 26, 2009, the Receiver was appointed by the District Court to act as receiver in connection with the SEC Action and the CFTC Action.

3.      Since at least 1997, Palmer and Trigon operated a classic Ponzi scheme by using funds obtained from investors through violations of the securities laws and/or commodity laws and using the funds from new investors to pay bogus returns to earlier investors.  Palmer and Trigon recruited investors through material misrepresentations and omissions.  By engaging in this conduct, Palmer and Trigon violated the securities registration, antifraud, and broker-dealer registration provisions of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") and violated the anti-fraud provisions of the Commodity Exchange Act ("CEA") and the requirement under the CEA to register as a commodity pool operator.

4.      This action is brought by the Receiver as part of his continuing duty to recapture and return funds invested in Trigon that were diverted by Trigon and Palmer in the course of

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 2

their massive Ponzi scheme and to avoid fraudulent transfers, for constructive trust and other

provisional remedies and for damages.

### THE PARTIES

5.      Defendant American Express Company is a New York corporation.

6.      Defendant American Express Travel Related Services Company, Inc. is a New

York corporation.

### JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this lawsuit because this

lawsuit is ancillary to the SEC Action and the CFTC Action and the appointment of the Receiver

by this Court.

8.      Venue is proper in this Court under 28 U.S.C. § 1391.

### THE RECEIVER AND STANDING

9.      On February 26, 2009, the District Court entered in the SEC Action an Order

Appointing a Receiver and Staying Litigation pursuant to which the Receiver was appointed as

receiver of Trigon, together with any and all subsidiaries and affiliated entities, including but not

limited to Palmer Trading & Investments LLC; Blackrock Limited, LLC; Pinnacle Company

LLC; and Canterbury Court Properties, LLC (collectively, the "Companies").  Pursuant to that

Order, the Receiver was to take control of the Companies' funds, assets and property wherever

situated, and is fully authorized to pursue this action against Defendants.

10.      On February 26, 2009, the District Court entered an Order in the CFTC Action

appointing the Receiver as temporary receiver for all of the assets of Palmer and Trigon and the

assets of their affiliates and subsidiaries with the full power of an equity receiver.  Pursuant to

that Order, the Receiver was to assume full custody, control, and possession of all the funds,

property, mail and other assets of, in the possession of, or under the control of the Companies and is fully authorized to pursue this action against Defendants.

## THE FRAUDULENT PONZI SCHEME

11.     Trigon was a Nevada corporation headquartered in Idaho Falls, Idaho.  Trigon claimed to be an investment business that specialized in helping clients generate high annual returns of approximately 20% to 25% per year.

12.     Daren L. Palmer is an Idaho resident, who at all relevant times, was living in Idaho Falls, Idaho.

13.     Trigon never registered any offering of its securities under the Securities Act or the Exchange Act.

14.     Neither Trigon nor Palmer has ever been registered with the Securities and Exchange Commission ("SEC") in any capacity and neither of them has ever been licensed to sell securities.

15.     Beginning in 1997 and continuing through at least October 2008, Trigon and Palmer sold securities in the form of promissory notes and investment contracts to over 55 investors in unregistered, non-exempt transactions amounting to over $60 million.  More particularly, Trigon and Palmer violated: (i) Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1) by employment of a device, scheme or artifice to defraud; (ii)  Section 17(a)(2) and (c) of the Securities Act, 15 U.S.C. § 77q(a)(2) by committing fraud in the offer and sale of securities; (iii) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 by committing fraud in connection with the purchase and sale of securities; (iv) Section 5(a) and (c) of the Securities Act, 15 U.S.C. § 77(a) and (c) by offering the sale of unregistered securities; and (v) Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a) by offering and selling securities by an unregistered broker or dealer.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 4

16.     Beginning in 1997 and continuing through at least October 2008, Palmer engaged in acts and practices in violation of the Commodity Exchange Act.  In particular, Palmer violated the anti-fraud provisions of Sections 4b(a)(2) and 4o(1) of the Commodity Exchange Act, 7 U.S.C. §§ 6(b)(a)(2) and 6o(1) (2006), and Section 4b(a)(1) of the CEA as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act, § 13102, 122 Stat. 1651 (effective June 18, 2008) to be codified at 7 U.S.C. § 6(b)(a)(1)).  Palmer also acted as a commodity pool operator of a commodity pool without being registered as such in violation of Section 4m(l) of the CEA, 7 U.S.C. § 6m(l) (2006).

17.     At all relevant times, Palmer was an agent of Trigon and acted within the scope of his employment.  As a result, Trigon is liable for Palmer's conduct pursuant to Section 2(a)(1)(B) of the CEA, 7 U.S.C. § 2(a)(1)(B).

18.     Palmer marketed himself and Trigon by representing that he used a complex trading strategy through which he invested in indexes, S&P 500 options or futures, currency futures, and stocks in a way that generated consistent annual returns of 20% or better.

19.     Palmer touted his reputation in the Idaho Falls community as an honest family man with a long record of producing high returns for investors.  Palmer told some investors that he had been generating annual returns of 20% or greater for more than 12 years.

20.     Palmer described his trading program as difficult to understand but one that operated like a hedge fund.  Palmer explained that the investor's principal would be combined with those of other investors and traded as a single fund.

21.     Palmer told some investors that he was licensed to sell securities when in fact he was never registered or licensed to do so.

22.     Palmer guaranteed high returns using his strategy, regardless of market conditions, with no risk to investors' principal investments.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 5

23.     Palmer evidenced most of the investment monies he received with promissory notes that he signed as either an individual or as President of Trigon.

24.     Palmer also entered into verbal investment contracts, which promised payments of 20% returns or greater.

25.     Palmer told investors that he would retain a portion of the generated profits but actually paid himself a set amount of $25,000 to $35,000 per month.

26.     Approximately $6.8 million was deposited into trading accounts, representing only 10.07% of the total amount Palmer and Trigon received from investors.  However, Palmer often withdrew portions of the amounts deposited with no trading ever taking place and the amounts withdrawn by Trigon from such trading activity exceeded the amounts obtained from trading activity.

27.     Of the investor money deposited in Trigon accounts, Palmer spent more than $6 million on his personal home expenses and construction costs.

28.     Palmer also spent over $6 million paying himself a salary and paying for personal expenses including credit cards, art, jewelry, vehicles, trailers, snowmobiles and for community donations.  Palmer also used investor monies to charter private airplanes and for business expenses.

29.     Despite attempts to maintain an image of success to attract additional investors, on December 15, 2008, Palmer told a group of concerned Idaho Falls investors that, through his trading program, he had lost virtually all of the invested funds.

30.     In or around January of 2009, Palmer admitted to investors that he had extinguished all funds and had been running a Ponzi scheme for many years.

31.     Although Palmer provided investors with statements showing trading profits, the payments made to investors actually came from the principal investments of later investors.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 6

32.     Later investors were not informed that Palmer would use their principal investment to pay returns to earlier investors and no investors were told Palmer would use their principal investments to make payments to himself or for real estate purchases and construction.

33.     Palmer has admitted to using investor funds to pay his salary, personal credit cards and for the payment of his personal residence construction costs and to purchase snowmobiles.

34.     Although Palmer collected at least $68 million in investor funds, he used only a fraction of those amounts for trading purposes and used the vast majority to pay personal expenses and to pay phony returns to earlier investors.

35.     Participants in the investment program invested over $68 million with Palmer, more than $46 million of which was used to pay phony returns.

36.     The Ponzi scheme operated by Trigon and Palmer was conducted by Trigon and Palmer with the actual intent to defraud numerous investors.

## AMOUNTS RECEIVED BY DEFENDANTS

37.     During the period from August 31, 2004 through August 20, 2008, Defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively, "American Express") received payments from Trigon in the sum of $1,189,029. In particular, Defendants American Express received payments from Trigon as follows:

a.     On August 31, 2004, a payment in the amount of $6,500 by electronic remittance drawn on the account of Trigon at Bank of America.

b.     On July 13, 2005, a payment in the amount of $30,000 by a check drawn on the account of Trigon at Bank of America as check no. 1888.

c.     On October 26, 2005, a payment in the amount of $15,000 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 7

d.      On November 4, 2005, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

e.      On November 17, 2005, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

f.      On November 21, 2005, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

g.      On December 5, 2005, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

h.      On December 9, 2005, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

i.      On December 19, 2005, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

j.      On December 21, 2005, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

k.      On December 23, 2005, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

l.      On December 27, 2005, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

m.      On December 29, 2005, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

n.      On January 4, 2006, a payment in the amount of $20,000 by electronic remittance drawn on the account of Trigon at Bank of America.

o.      On January 9, 2006, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 8

p.      On January 12, 2006, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

q.      On January 13, 2006, a payment in the amount of $8,000 by electronic remittance drawn on the account of Trigon at Bank of America.

r.      On January 30, 2006, a payment in the amount of $2,500 by electronic remittance drawn on the account of Trigon at Bank of America.

s.      On January 31, 2006, a payment in the amount of $8,200 by electronic remittance drawn on the account of Trigon at Bank of America.

t.      On February 6, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

u.      On February 23, 2006, a payment in the amount of $6,500 by electronic remittance drawn on the account of Trigon at Bank of America.

v.      On March 3, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

w.      On March 7, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

x.      On March 13, 2006, a payment in the amount of $15,000 by electronic remittance drawn on the account of Trigon at Bank of America.

y.      On March 13, 2006, a payment in the amount of $19,000 by electronic remittance drawn on the account of Trigon at Bank of America.

z.      On March 24, 2006, a payment in the amount of $11,000 by electronic remittance drawn on the account of Trigon at Bank of America.

aa.     On April 4, 2006, a payment in the amount of $20,000 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 9

bb.  On April 10, 2006, a payment in the amount of $15,000 by electronic remittance drawn on the account of Trigon at Bank of America.

cc.  On April 20, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

dd.  On May 8, 2006, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

ee.  On May 15, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ff.  On May 24, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

gg.  On May 31, 2006, a payment in the amount of $9,379 by electronic remittance drawn on the account of Trigon at Bank of America.

hh.  On June 5, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ii.  On June 19, 2006, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

jj.  On June 29, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

kk.  On July 24, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ll.  On August 1, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

mm.  On August 9, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 10

nn.     On August 18, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

oo.     On August 30, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

pp.     On September 7, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

qq.     On September 11, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

rr.     On September 26, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ss.     On October 12, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

tt.     On October 26, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

uu.     On November 3, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

vv.     On November 10, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ww.     On November 13, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

xx.     On November 15, 2006, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

yy.     On November 17, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 11

zz.     On November 22, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

aaa.    On November 29, 2006, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

bbb.    On December 6, 2006, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ccc.    On December 14, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ddd.    On December 18, 2006, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

eee.    On December 18, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

fff.    On December 21, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ggg.    On December 27, 2006, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

hhh.    On January 19, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

iii.    On February 12, 2007, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

jjj.    On February 20, 2007, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

kkk.    On February 22, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 12

lll.   On March 8, 2007, a payment in the amount of $6,000 by electronic remittance drawn on the account of Trigon at Bank of America.

mmm.  On March 21, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

nnn.   On April 27, 2007, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

ooo.   On May 4, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ppp.   On May 11, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

qqq.   On May 24, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

rrr.   On June 8, 2007, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

sss.   On June 14, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ttt.   On June 20, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

uuu.   On July 2, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

vvv.   On July 2, 2007, a payment in the amount of $17,500 by electronic remittance drawn on the account of Trigon at Bank of America.

www.  On July 6, 2007, a payment in the amount of $19,450 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 13

xxx.   On July 25, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

yyy.   On July 30, 2007, a payment in the amount of $9,750 by electronic remittance drawn on the account of Trigon at Bank of America.

zzz.   On August 3, 2007, a payment in the amount of $7,250 by electronic remittance drawn on the account of Trigon at Bank of America.

aaaa.   On August 23, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

bbbb.   On August 27, 2007, a payment in the amount of $9,150 by electronic remittance drawn on the account of Trigon at Bank of America.

cccc.   On August 31, 2007, a payment in the amount of $21,000 by electronic remittance drawn on the account of Trigon at Bank of America.

dddd.   On September 4, 2007, a payment in the amount of $15,000 by electronic remittance drawn on the account of Trigon at Bank of America.

eeee.   On September 12, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ffff.   On October 1, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

gggg.   On October 11, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

hhhh.   On October 18, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

iiii.   On October 24, 2007, a payment in the amount of $8,250 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 14

jjjj.   On October 26, 2007, a payment in the amount of $7,250 by electronic remittance drawn on the account of Trigon at Bank of America.

kkkk.   On October 31, 2007, a payment in the amount of $7,750 by electronic remittance drawn on the account of Trigon at Bank of America.

llll.   On November 5, 2007, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

mmmm.   On November 9, 2007, a payment in the amount of $8,750 by electronic remittance drawn on the account of Trigon at Bank of America.

nnnn.   On November 14, 2007, a payment in the amount of $1,700 by electronic remittance drawn on the account of Trigon at Bank of America.

oooo.   On November 16, 2007, a payment in the amount of $1,700 by electronic remittance drawn on the account of Trigon at Bank of America.

pppp.   On November 27, 2007, a payment in the amount of $6,500 by electronic remittance drawn on the account of Trigon at Bank of America.

qqqq.   On November 30, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

rrrr.   On December 3, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ssss.   On December 7, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

tttt.   On December 11, 2007, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

uuuu.   On December 13, 2007, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 15

vvvv.   On December 17, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

wwww.       On December 19, 2007, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

xxxx.   On December 21, 2007, a payment in the amount of $8,250 by electronic remittance drawn on the account of Trigon at Bank of America.

yyyy.   On December 27, 2007, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

zzzz.   On January 4, 2008, a payment in the amount of $8,000 by electronic remittance drawn on the account of Trigon at Bank of America.

aaaaa.  On January 7, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

bbbbb.  On January 16, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ccccc.  On January 18, 2008, a payment in the amount of $1,700 by electronic remittance drawn on the account of Trigon at Bank of America.

ddddd.  On January 24, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

eeeee.  On January 30, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

fffff.   On February 1, 2008, a payment in the amount of $9,000 by electronic remittance drawn on the account of Trigon at Bank of America.

ggggg.  On February 12, 2008, a payment in the amount of $4,000 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 16

hhhhh. On February 19, 2008, a payment in the amount of $21,750 by electronic remittance drawn on the account of Trigon at Bank of America.

iiiii. On February 22, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

jjjjj. On February 26, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

kkkkk. On February 28, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

lllll. On March 5, 2008, a payment in the amount of $7,250 by electronic remittance drawn on the account of Trigon at Bank of America.

mmmmm. On March 13, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

nnnnn. On April 3, 2008, a payment in the amount of $8,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ooooo. On April 11, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

ppppp. On April 25, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

qqqqq. On May 2, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

rrrrr. On May 22, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

sssss. On May 29, 2008, a payment in the amount of $24,500 by electronic remittance drawn on the account of Trigon at Bank of America.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 17

ttttt.    On June 2, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

uuuuu. On June 6, 2008, a payment in the amount of $7,500 by electronic remittance drawn on the account of Trigon at Bank of America.

vvvvv. On June 13, 2008, a payment in the amount of $9,500 by electronic remittance drawn on the account of Trigon at Bank of America.

wwwww.       On June 24, 2008, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

xxxxx. On August 12, 2008, a payment in the amount of $1,000 by electronic remittance drawn on the account of Trigon at Bank of America.

yyyyy. On August 20, 2008, a payment in the amount of $5,000 by electronic remittance drawn on the account of Trigon at Bank of America.

38.    In addition to the payments described above, the Receiver alleges, based on knowledge and belief, that Defendants received other amounts in excess of those amounts described above.

### FIRST CLAIM FOR RELIEF
**(For Avoidance and Recovery of Fraudulent Transfers
Against Defendants American Express)**

39.    The Receiver restates and incorporates by this reference paragraphs 1 through 38 above, as though set forth herein in full.

40.    The payments made by Trigon to American Express during the period August 31, 2004 through August 20, 2008, which are more particularly described in Paragraph 36 above, were made by Trigon with actual intent to hinder, delay or defraud its investors.  These investors mostly consist of innocent investors who gave money to Trigon and Palmer believing the money was being invested profitably on their behalf.  Those transfers were made without Trigon

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 18

receiving reasonably equivalent value in exchange, when Trigon was either insolvent or had become insolvent are a result of such transfers.

41.     The payments made by Trigon to Defendants American Express are avoidable by the Receiver under applicable law, including Idaho Code §§ 55-913, 55-914 and 55-916.

42.     The Receiver is entitled to damages from Defendants American Express in the sum of not less than $1,189,029, with interest as provided by Idaho law from the date of each payment, plus any additional amounts proven at the trial of this case.

## SECOND CLAIM FOR RELIEF
### (For Constructive Trust and Other Provisional Remedies Against Defendants American Express)

43.     The Receiver restates and incorporates by this reference paragraphs 1 through 42 above, as though set forth herein in full.

44.     By reason of the facts set forth above, Defendants American Express were the recipient of monies wrongfully and fraudulently obtained by Trigon and Palmer thereby diminishing the amounts available to pay the creditors of Trigon.

45.     Defendants American Express have been unjustly enriched as a result of the wrongful and fraudulent acts to the detriment of the creditors of Trigon.

46.     Accordingly, in equity, a constructive trust should be impressed upon the assets acquired by Defendants American Express with the monies transferred to it by Trigon.

47.     The Receiver is also entitled to one or more of the additional remedies provided for pursuant to Idaho § 55-916 (b) and (c).

## PRAYER FOR RELIEF

WHEREFORE, the Receiver prays for judgment against Defendants as follows:

1.     For judgment against Defendants American Express for an amount equal to all payments received by it from Trigon, which total is in excess of $1,189,029, plus interest on each

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 19

payment at the rate of 12% per annum pursuant to Idaho Code §28-22-104(1) from the date of such payment until judgment is entered.

      2.      A judgment imposing a constructive trust in favor of the Receiver over all monies and assets obtained with those monies that Defendants American Express received from Trigon.

      3.      For post judgment interest as allowed by Idaho law.

      4.      For costs of suit, including reasonable attorney fees.

      5.      For such other and further relief as the Court may deem just and proper.

DATED THIS 14th day of December, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By /s/ John F. Kurtz, Jr. _____
    John F. Kurtz, Jr.
    Attorneys for Plaintiff R. WAYNE KLEIN, the
    Court-Appointed Receiver of Trigon Group,
    Inc. and for the assets of Daren L. Palmer

COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR
CONSTRUCTIVE TRUST AND OTHER PROVISIONAL REMEDIES AND
FOR DAMAGES - 20